1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                              **DISTRICT OF NEVADA**

10

11   TRUSTEES OF THE BRICKLAYERS &
     ALLIED CRAFTWORKERS LOCAL 13
12   DEFINED CONTRIBUTION PENSION                Case No. 2:12-CV-00659-KJD-RJJ
     TRUST FOR SOUTHERN NEVADA, *et*
13   *al*.,                                      **ORDER**

14             Plaintiffs,

15   v.

16   CONTRACT FLOORING & INTERIOR
     SERVICES, INC., *et al*.,
17
               Defendants.
18

19

20        Before the Court is Defendant Rodlynn J. Casas's Motion to Dismiss (#10).  Plaintiffs

     responded (#11) and Casas replied (#12).
21

22        Also before the Court is Plaintiffs' Motion for Summary Judgment (#14).  Defendant

23   Contract Flooring & Interior Services has filed an opposition (#16) and Plaintiffs have replied (#18).

     I.  Background
24

25        In 2008, Contract Flooring and Interior Services ("Contract Flooring") entered into a

26   collective bargaining agreement (the "Labor Agreement") via a letter of assent ("Letter of Assent")

1  with Plaintiff Local 13 in connection with work on the professional baseball stadium in Reno,

2  Nevada.  At that time, non-parties to this action managed the operation of Contract Flooring and

3  signed the relevant agreement.  The work was completed in April, 2009.  In March of 2011,

4  Defendant Casas, who held 95% shareholder interest in Contract Flooring, was voted in as president

5  and took over day-to-day operation of the company.

6        In January, 2012, Plaintiffs, the Trustees of collectively bargained fringe benefit trusts, sought

7  an audit pursuant to the Labor Agreement.  Plaintiffs' authorized agent conducted an audit of

8  Contract Flooring's records for the time period December 1, 2008 to March 31, 2011 for work

9  related to the stadium construction project.  The audit showed that Contract Flooring had failed to

10  make required fringe benefit contribution in the amount of $2,520.08.  Plaintiffs seek this amount,

11  together with $336.20 in liquidated damages, $453.78 in interest, and $9,121.75 in audit fees, for a

12  total of $12,431.90.  Plaintiffs filed suit pursuant to Section 301(a) of the Labor Management

13  Relations Act of 1947 [29 U.S.C. § 185(a)] and Section 502 of the Employee Retirement Income

14  Security Act of 1974 ("ERISA") as amended [29 U.S.C. § 1132].

15  II. Discussion

16      A. Legal Standard

17          1.  Motion to Dismiss

18        A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

19  relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short

20  and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

21  8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require

22  detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic

23  recitation of the elements of a cause of action."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

24  (citations omitted).  "Factual allegations must be enough to rise above the speculative level."

25  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient

26

factual matter to "state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678 (citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  Id. at 1949.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted).  When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed.  Twombly, 550 U.S. at 570.

### 2.  Summary Judgment

Summary judgment shall be granted if there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of showing the absence of a genuine dispute of material fact.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual dispute for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party must produce specific facts, by affidavit or other evidentiary materials similar to those described in Rule 56(c), to show that there is a genuine dispute for trial.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of

1   material fact precluding summary judgment. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054,

2   1061 (9th Cir. 2002).

3          Summary judgment shall be entered "against a party who fails to make a showing sufficient

4   to establish the existence of an element essential to that party's case, and on which that party will

5   bear the burden of proof at trial." Celotex, 477 U.S. at 322.  Summary judgment shall not be granted

6   if a reasonable jury could return a verdict for the nonmoving party.  See Anderson, 477 U.S. at 248.

7          B.  Motion to Dismiss Casas

8          Under ERISA, "a person is a fiduciary with respect to a plan to the extent (i) he exercises any

9   discretionary authority or discretionary control respecting ... the disposition of its assets ..." 29 U.S.C.

10  § 1002(21)(A). The United States Court of Appeals for the Ninth Circuit holds this definition of

11  "fiduciary" extends to corporate officers and controlling shareholders. Kayes v. Pac. Lumber Co., 51

12  F.3d 1449, 1459–61 (9th Cir.1995); see also Yeseta v. Baima, 837 F.2d 380 (9th Cir.1995) (holding

13  a corporate officer liable as fiduciary under ERISA). A defendant is liable as a fiduciary if (1) the

14  unpaid contributions are trust assets, and (2) defendant exercised authority or control over those

15  assets.  See Bd. of Trustees v. J.R.D. Mech. Services, Inc., 99 F. Supp. 2d 1115, 1120 (C.D. Cal.

16  1999).

17         Defendant Casas argues that the claims against her individually should be dismissed.

18  According to Casas, she is not a plan fiduciary because she is not signatory to, or bound by, the

19  Labor Agreement and did not have operational control of Contract Flooring when the agreements

20  were signed and the work was performed.

21         Casas's argument fails because the Labor Agreement, which is incorporated into the

22  Complaint, specifies that any due and owing benefit payments are trust assets.  When Casas took

23  over management of Contract Flooring, the unpaid benefits were trust assets in Casas's control and

24  she exercised discretion over them.  Accordingly, she was fiduciary under ERISA. 29 U.S.C. §

25  1002(21)(A); see also Cal. Pipe Trades Health and Welfare Trust Fund v. Temecula Mech., Inc., 438

26  F.Supp.2d 1156, 1167 (C.D.Cal. 2006) (unpaid fringe benefits are trust assets where the contract so

4

1    specifies).  Because Casas was a fiduciary, her argument for dismissal fails and the Motion to

2    Dismiss is denied.

3        C.  Motion for Summary Judgment

4            1.  Existence of a Contract and Liquidated Damages

5        A party who signs a contract is bound by its terms regardless of whether he reads it or

6    considers the legal consequences of signing it.  <u>Operating Engineers Pension Trust v. Cecil Backhoe</u>

7    <u>Service, Inc.</u>, 795 F.2d 1501, 1505 (9th Cir. 1986) (party to labor contract could not argue that he

8    was not aware of the legal consequences of signing it).  Parties to collective bargaining agreements

9    are conclusively presumed to have equal bargaining strength.  <u>Waggoner v. Dallaire</u>, 649 F.2d 1362,

10   1367 (9th Cir.1981)

11       Defendant Contract Flooring disputes the existence of a contract by arguing that it "has never

12   signed a collective bargaining agreement with Plaintiffs."  Instead, Contract Flooring argues that its

13   agent executed only the Letter of Assent.  However, the Letter of Assent incorporates and

14   acknowledges receipt of the Project Labor Agreement and the Master Labor Agreement, which

15   require it to contribute fringe benefits as specified in those documents.  These documents also

16   contain provisions allowing audit fees, liquidated damages, interest and attorney's fees.[1]  Contract

17   Flooring argues that only the Letter of Assent is enforceable because the other documents were not

18   negotiated.  This argument is invalid and Contract Flooring is bound by all terms of the Labor

19   Agreement, including those incorporated into it.

20       Defendant Contract Flooring has failed to show a dispute of fact about whether it was bound

21   to contribute under the Labor Agreement and whether it is required to pay audit fees, liquidated

22   damages, attorney's fees, and interest.

23

24   _____

25       [1] Liquidated damages, attorney's fees, and interest on unpaid contributions are also required by law.  29 USC §
     1132(g)(2).  Audit fees contemplated in the agreement are also enforceable.  <u>Waggoner v. Northwest Excavating, Inc.</u>,
26   642 F.2d 333, 339 (9th Cir. 1981), <u>reaff'd on remand</u>, 685 F.2d 1224 (9th Cir. 1982) ("[T]he federal labor policy of
     enforcing the parties' intent as expressed in their negotiated agreement is paramount.").

## 2.  Audit Results

Contract Flooring argues that the audit is inaccurate because it included contributions for two employees who were not members of the union.  However, the Project Labor Agreement does not provide an exception to the contribution requirement for non-union employees.  Accordingly, Defendant Contract Flooring was required to make contributions on behalf of all employees who worked on the project.  See Trustees of Const. Industry and Laborers Health and Welfare Trust v. Summit Landscape Companies, Inc., 309 F.Supp.2d 1228, 1236 (D.Nev. 2004) (reversed on other grounds) (project labor agreement required contribution on behalf of all employees because "to hold otherwise would ... premise a condition or benefit of employment upon union membership, in contravention of federal and state law.").

Contract Flooring also argues that a dispute of fact exists because its own internal audit conflicts with the audit conducted by Plaintiffs.  However, the only support for this statement is an affidavit by Ms. Casas which is not based on personal knowledge, provides no details about the manner in which the internal audit was conducted, and does nothing to explain the discrepancy in payments.[2]  Conclusory and inadmissible evidence of this type is insufficient to defeat summary judgment.

Finally, Contract Flooring argues that the audit covered a time period greater than the time during which it worked on the stadium project.  The auditor has provided an affidavit stating that the audit was limited to work performed on the stadium, and Contract Flooring has not provided any evidence that the audit covered anything else.

Contract Flooring has provided no admissible evidence showing that a dispute of fact exists related to its obligation to pay, or the amount required. Accordingly, summary judgment against Contract Flooring in favor of Plaintiffs is proper.

---

[2] The discrepancy in the internal audit may be explained by Contract Flooring's failure to make required contributions on behalf of non-union employees.

6

III. Conclusion

    **IT IS HEREBY ORDERED** that Defendant Casas's Motion to Dismiss (#10) is **DENIED**.

    **IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment (#14) is GRANTED.

    **IT IS FURTHER ORDERED** that Plaintiffs submit a proposed form of judgment within 7 days of this order.

    DATED this 10th day of October 2012.


_____
Kent J. Dawson
United States District Judge